Dear Chairman Apple
¶ 0 This office has received your request for an Attorney General Opinion addressing the following question:
May the Oklahoma Employee Benefits Council reopen the StateFiscal Year 1999 employee benefits option period so Stateemployees can change their health insurance coverage since theLegislature increased financial support for health coverage afterthe election period closed?
¶ 1 The State offers health insurance for its employees and their families through a cafeteria plan. 74 O.S. Supp. 1997, §§1361-1372[74-1361-1372]. In a cafeteria plan, employees pick among various benefit options. See 26 U.S.C. § 125(d) and OAC 87:10-1-2. In Oklahoma's plan, State employees must enroll in health insurance coverage for themselves and have the option of enrolling family members in health coverage. 74 O.S. Supp. 1997, § 1371[74-1371](A) and (B).
¶ 2 Before July 1, 1998, the State offered each full-time employee $262.19 per month to help pay for employee health insurance coverage. 74 O.S. Supp. 1997, § 1370[74-1370](B). In the last legislative session, the Legislature changed the supplement so an employee can receive up to $397.46 per month to help pay for health insurance for the employee and the employee's spouse and children under the cafeteria plan. 1998 Okla. Sess. Laws ch. 257, § 3(D)(2), to be codified at 74 O.S. Supp. 1998, §1370[74-1370](D)(2).[1]
¶ 3 Cafeteria plans are creatures of the federal Internal Revenue Code. 26 U.S.C. § 125(d). The Code levies the income tax.26 U.S.C. §§ 1 and 3. For tax purposes, income is defined to include "[c]ompensation for services, including fees, commissions, fringe benefits, and similar items."26 U.S.C. § 61(a)(1) (emphasis added). Congress, however, has removed certain earnings from the definition of gross income. Among these removed earnings are fringe benefits employers offer through cafeteria plans. 26 U.S.C. § 125(a). To enjoy this exemption from income tax, cafeteria plan benefits must pass muster with the United States Department of the Treasury. 26 U.S.C. § 125(i).
¶ 4 In keeping with federal law, the Oklahoma Legislature requires the State's cafeteria plan to comply with federal statutory and regulatory requirements. 74 O.S. Supp. 1997, §1365[74-1365](A)(1). State employees, therefore, must make "an irrevocable advance election" of benefits for each fiscal year during an election period set by the Employee Benefits Council ("EBC"). 74 O.S. Supp. 1997, § 1371[74-1371](F). That election period must close no later than May 31 each year. Id.
¶ 5 In keeping with the statute and following guidelines from the Treasury Department, EBC has promulgated rules governing State employees' election of benefits. These rules, which were effective during the State Fiscal Year 1999 election period, follow the Internal Revenue Service rules set out below and state:
 (a) Except as otherwise provided in this Section, a participant's election of benefits described in this Chapter . . . shall be irrevocable during the Plan year with regard to any benefit or portion of benefit elected for the period of coverage to which the election pertains. . . .
 (b) A participant shall be entitled to modify a benefit election . . . if the modification or new election is on account of and consistent with a change in family status which shall include but not be limited to:
(1) Marriage;
(2) Divorce;
(3) Death of spouse or child;
(4) Birth or adoption of child;
 (5) Commencement or termination of employment of spouse;
 (6) The employee or dependent move [sic] out of the service area of an HMO or pre-paid plan, resulting in loss of eligibility; and
 (7) Such other events, which may permit such modification or election in accordance with the Internal Revenue Code, and regulations promulgated thereunder. . . .
OAC 87:10-23-10 (emphasis added).
¶ 6 This rules follows U.S. Treasury policy dealing with when employees may elect their benefits. Under IRS policy, generally the benefits election can be made only during the option period.[2] 26 C.F.R. § 1.125-4T(a). According to the EBC benefits enrollment packet, of which the Attorney General takes notice, the election period for State Fiscal Year 1999 opened March 16, 1998, and closed April 24, 1998.[3]
¶ 7 Under IRS policy, elections outside this option period are limited to "changes in status," which are defined at26 C.F.R. § 1.125-4T(c)(1) and (2)[4] as:
 1. Change in marital status through marriage, divorce, annulment, legal separation, or death of spouse;
 2. Change in number of dependents through birth, adoption, placement for adoption, or death of a dependent;
 3. Change in employment status through termination or commencement of employment by employee, spouse, or dependent;
 4. Change in work schedule through reduction or increase in hours of employment by employee, spouse, or dependent by strike, lockout, commencement or return from an unpaid leave of absence, or switch between part-time and full time employment;
 5. Change in unmarried dependent's status allowing health or accident insurance coverage such as attainment of age limit for insurance coverage or cessation of student status; and
 6. Change in place of work or residence for employee, spouse, or employee's dependent.
¶ 8 Additional funding from an employer to help cover the cost of insurance is not a listed change in status.
¶ 9 After the election period closes, the change-in-status provisions limit any alteration in cafeteria plan benefits. Operating outside this framework would put the State's cafeteria plan benefits back into the definition of gross income and subject employees to additional taxation. See 26 U.S.C. § 61
and Commissioner v. Lo Bue, 351 U.S. 243, 246 (1956).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Employee Benefits Council may not reopen theState Fiscal Year 1999 employee benefits option period so Stateemployees may change their health insurance coverage despite thefact that the Legislature increased financial support for healthcoverage after the election period closed.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANDREW TEVINGTON ASSISTANT ATTORNEY GENERAL
[1] This change in the law was approved May 27, 1998, and became effective July 1, 1998.
[2] Throughout this Opinion, "election period" and "option period" are used interchangeably.
[3] The option period closed about one month before the Legislature passes legislation increasing the insurance supplement and more than two months before that legislation became effective.
[4] While this rule does not become official until December 31, 1998, taxpayers may rely on it for guidance as to how the Internal Revenue Service will enforce income tax provisions for the full calendar year. 62 Fed. Reg. 60, 165.